UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GARY MICHAEL TINGEY,<br><br>Petitioner,<br><br>v.<br><br>STATE OF UTAH, *et al.*,<br><br>Respondents. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 2:25-cv-00361-DBB<br><br>Judge David Barlow |

Petitioner, Gary Michael Tingey, seeks federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996, (AEDPA). *See* 28 U.S.C. §§ 2241-2255 (2026). Federal district courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Respondents move to dismiss (ECF No. 9) because the Petition (ECF No. 1) was filed after the period of limitations expired.

Petitioner also moves the court to vacate his sentence (ECF No. 7), to strike Respondents' Motion to Dismiss (ECF No. 10), requests the court to send him copies of Respondents' filings (ECF No. 12), moves for Summary Judgment (ECF No. 14) and requests a waiver of fees related to his request for copies (ECF No. 15.). Petitioner's motion for preliminary injunction (ECF No. 16) "essentially asks for the same relief requested in his petition." *Id.*at 4. And finally, Petitioner moves for leave to amend. (ECF No. 18.)

Having carefully considered germane documents and law, the Court agrees with Respondent that this petition is inexcusably untimely. *See* 28 U.S.C. § 2244(d)(1)(2026). The court finds that no amendment could cure the defect. The remaining motions are denied as moot.

## I. CLAIMS

The Petition[1] asserts four claims:

1. The prosecution denied Petitioner's right to qualified counsel at trial as guaranteed by the Sixth Amendment;

2. The State of Utah denied Petitioner's right to counsel as guaranteed by the Fourteenth Amendment;

3. Petitioner's plea agreement was illusory and his plea not made knowingly and voluntarily; and

4. The Utah Department of Corrections failed to afford due process when it incarcerated him at the Utah State Correctional Facility instead of the Utah State Prison as allegedly required by his sentence.

## II. RELEVANT TIMELINE

- 8/12/2022 Petitioner pled guilty to aggravated sexual abuse of a child, a first-degree felony in violation of Utah Code Section 76-5-401. Order Denying Defendant's Motion to Reinstate the Period for Filing Direct Appeal, *State v. Tingey*, No. 201701096 FS (ECF No. 9-9, at 4).

- 11/10/2022 Petitioner was sentenced to fifteen years to life. The sentencing court advised Petitioner that he had 30 days to appeal the sentence. *Id.* at 4–5.

[1] Petitioner's *pro se* pleadings are entitled to liberal construction. *See, Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal quotations omitted) (internal citations omitted.) *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.") "Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

- 12/12/2022 Petitioner's time to file a notice of appeal under Utah Rules of Appellate Procedure expired. *Id*. at 5 (calculating Petitioner's time to appeal under Rule 4 of the Utah Rules of Appellate Procedure to have expired as of Saturday, December 10, 2022); s*ee also* Utah R. App. P 4(a)(1) (providing thirty days after entry of judgment to file a notice of appeal).

  Petitioner's one-year period of limitations to file a timely AEDPA petition began to run. *See* 28 U.S.C. § 2244(d)(1).

- 4/7/2023 Petitioner filed *pro se* motions to withdraw his guilty plea (ECF No. 9-5) and reinstate his time to appeal (ECF No. 9-6).

- 12/12/2023 Petitioner's time to file a federal habeas petition under the AEDPA expired. *See* 28 U.S.C. § 2244(d)(1); Petitioner's time to file a state habeas petition under the Utah Post Conviction Remedies Act ("PCRA") also expired. *See* Utah Code Ann. § 78B-9-107.

- 4/16/2024 At a status conference on Petitioner's *pro se* motions to withdraw his plea and reinstate time to file an appeal, Petitioner, now represented by counsel, moved to withdraw the *pro se* motions and informed the court of his intention to file a consolidated motion prepared by counsel. (ECF No. 9-7).

- 7/1/2024 Petitioner files a consolidated motion to withdraw his guilty plea and motion to reinstate his time to appeal. (ECF No. 9-8).

- 12/3/2024 Utah Second District Court denies Petitioner's motion to reinstate his time to appeal.[2] (ECF No. 9-9).

- 4/30/2025 Petitioner places the Petition into the prison mail system. (ECF No. 1, at 8).

## III. ANALYSIS

Federal law sets a one-year period to file a habeas corpus petition. 28 U.S.C. § 2244(d)(1) (2026). The period begins to run from "the date on which the judgment became final by the

[2] Approximately three weeks after the District Court rejected Petitioner's motion to reinstate his time to appeal, the Utah Supreme Court invalidated certain sections of the Utah Plea Withdrawal Statute ("PWS") in *State v. Rippey*, 589 P.3d 675 (Utah, 2024). The Utah Supreme Court held that certain provisions of the PWS violated the principles of separation of powers in the Utah Constitution. *Rippey,* at 677. The court ruled that the Utah Constitution delegated the authority to create the substantive rights, like the right to appeal, to the legislature. But it did not delegate the authority to set procedural rules, like procedural deadlines related to a motion to withdraw a guilty plea. The Utah Supreme Court deemed provisions in the PWS which set procedural rules to be unconstitutional. Here, shortly after *Rippey* was decided, Petitioner filed a *pro se* motion to withdraw his guilty plea, but on the advice of counsel he later withdrew the motion. Motion to Withdraw, *State v. Tingey*, No. 201701096, dkt. no. 218 (Utah 2d Dist. May 2, 2025).

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2026). Alternatively, the period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (2026). In this context, the Tenth Circuit Court of Appeals has defined due diligence as "an 'objective standard' that refers to when a plaintiff 'could have' discovered the pertinent facts, not when [he] actually discovered them." *Madrid v. Wilson*, 590 F. App'x 773, 776 (10th Cir. Nov. 14, 2014) (unpublished) (quoting *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012)).

Here, the Petition was filed long after the statutory filing period expired. The one-year statutory filing period commences when a judgment becomes final. 28 U.S.C. § 2244(d)(1)(A) (2026). Petitioner entered a guilty plea on August 12, 2022. At the time, Utah law only allowed defendants to withdraw a guilty plea prior to sentencing. Utah Code Ann. § 77-13-6(2)(b) (2022) (amended 2025) ("A request to withdraw a plea of guilty or no contest… shall be made by motion before the sentence is announced."). Petitioner was sentenced on November 10, 2022. Petitioner declined to appeal his sentence within the thirty-day period to file a direct appeal. *See* Utah R. App. P 4(a)(1). Petitioner's time to file a notice of appeal expired on December 12, 2022, and his conviction became final. *See* ECF No. 9-9. Petitioner's period of limitations to file an AEDPA petition commenced on December 13, 2022, and expired one year later. *See* 28 U.S.C. § 2244(d)(1)(A) (2026). Petitioner initiated this case by placing the Petition in the prison mailing system on April 30, 2025, long after his statutory filing period had expired.

Alternatively, Petitioner filed his claims more than one year after the factual predicates for his claims could have been discovered through reasonable diligence. *See* 28 U.S.C. § 2244(d)(1)(D) (2026). Each of Petitioner's claims pertains to facts which could have been

discovered by the time his judgment became final on December 12, 2022. Petitioner's first and second claims allege that his constitutional right to counsel was denied at trial. Petitioner's third claim alleges that his "guilty plea is unconstitutional & illusory plea agreement impossible to fulfill or not allowed by U.S. law." ECF No. 1, at 6. Petitioner offers little explanation of the factual predicate for this claim. Presumably, the alleged impossibility refers to Petitioner's contention that his incarceration is unlawful because he is being held in the Utah State Correctional Facility after being sentenced to be held in the Utah State Prison (which had been closed several months before he was sentenced). Petitioner's fourth claim alleges that the Department of Corrections failed to provide adequate notice and opportunity to be heard when it determined that he should be held in the Utah State Correctional Facility instead of the Utah State Prison. None of these claims involves a factual predicate which could not have been discovered prior to December 12, 2022.

Petitioner initiated this action on April 30, 2025, more than one year after the period of limitations expired. Therefore, the Petition is untimely unless Petitioner qualifies for statutory or equitable tolling of the period of limitations.

**A. Statutory Tolling**

The filing period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period." *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Petitioner is ineligible for statutory tolling of the AEDPA period of limitations because he declined to petition for state post-conviction relief.

**B. Equitable Tolling**

"Equitable tolling is 'a judicially-crafted stopping of the clock' that" is applied "'only in rare and exceptional circumstances.'" *United States v. Barger*, 784 F. App'x 605, 607 (10th Cir. 2019) (unpublished) (quoting *Fisher v Gibson*, 262 F.3d 1135, 1143); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). Equitable tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Petitioner "has the burden" of showing equitable tolling applies. *Lovato v. Suthers,* 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished). A petitioner is only entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Respondents filed their motion to dismiss the Petition as untimely on January 5, 2026. ECF No. 9. On January 22, Petitioner notified the court that he did not receive a copy of the motion to dismiss. ECF No. 12. The court directed the clerk to serve Petitioner with a copy of the motion on May 22. ECF No. 17. Despite multiple filings, Petitioner has declined to directly respond to Respondent's argument that his Petition is untimely, nor offer any basis to suggest that he might be eligible for equitable tolling. *See* ECF Nos. 10–12 (filed January 22, 2026); ECF Nos. 14–15 (filed Feb. 5, 2026); ECF No. 13 (filed Feb. 6, 2026); and ECF No. 18 (filed June 15, 2026). Therefore, the court finds that Petitioner is ineligible for the "rare and exceptional" relief of equitable tolling.

### C. Actual Innocence

The Supreme Court has held that a petitioner may escape the AEDPA's statute of limitations if he can show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The Court cautioned that "tenable actual-innocence gateway pleas are rare." *Id*. at 387. A credible actual innocence claim requires "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, at 316.

Petitioner has offered no evidence that he is actually innocent. The closest Petitioner comes to discussing the evidence of his crime is his argument that his defense attorney failed to advise him that the evidence against him did not include DNA or eye-witness testimony. Motion for Leave to File an Amended Complaint, ECF No. 18, at 4. The court finds that Petitioner does not qualify for a miscarriage of justice exemption to the procedural bar because he has not offered any reliable new evidence that he is actually innocent of the crime for which he pleaded guilty.

## IV. CERTIFICATE OF APPEALABILITY

The Court next considers whether to issue a certificate of appealability (COA). *See* R.11, Rs. Governing § 2254 Cases in the United States District Courts ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant.").

When a habeas petition is denied on procedural grounds, as this one is, a petitioner is entitled to a COA only if he shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2253 (2023)). Petitioner has not made this showing.

## V. CONCLUSION

Petitioner unjustifiably delayed filing his AEDPA petition until April 30, 2025, sixteen months after the statutory limitation period expired. Petitioner has failed to establish that either statutory or equitable tolling applies. Petitioner has not met his burden of showing that he faced extraordinary circumstances that prevented him from filing his Petition prior to the expiration of the federal period of limitation. Nor has Petitioner shown that he took specific steps to diligently pursue his federal claims during the many years prior to filing his Petition. Nor has he shown actual innocence. The court finds that no amendment could cure the defect.

The Tenth Circuit has stated that "[d]ismissal of a petition as time barred operates as a dismissal with prejudice, meaning that future applications will be treated as 'second or successive' petitions subject to the heightened requirements of § 2244(b)." *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. April 12, 2006) (unpublished). The Petition is DISMISSED with prejudice.

**IT IS THEREFORE ORDERED** that:

(1) Respondent's Motion to Dismiss is **GRANTED with prejudice**. (ECF No. 9.)

(2) Petitioner's outstanding motions (ECF Nos. 7, 10, 12, 14, 15, 16, and 18) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 18th day of September, 2026.

BY THE COURT:

JUDGE DAVID BARLOW
United States District Court